PEOPLE ex rel. WALLACE v. CARPENTER.

(Supreme Court, Special Term, Westchester County. June 1, 1912.)

MUNICIPAL CORPORATIONS (§ 196*)—OFFICERS—APPOINTMENT—FIRE DEPARTMENT.

Village Law (Consol. Laws 1909, c. 64) § 205, provides that in villages where there is a board of fire commissioners such board shall appoint the chief engineer and assistant engineers of the fire department. Section 89, subd. 19, gives the board of trustees all the powers and requires it to perform all the duties of a separate board of fire, water, or sewer commissioners if the village has no such separate board, and in such case a provision applying to either of such boards applies to the board of trustees. Section 206 provides that any village in which separate fire commissioners are not appointed the chief engineer, the assistant engineers, and wardens of the companies shall constitute the council of the fire department, which shall have all the powers of a board of fire commissioners as prescribed by section 200 of that chapter; but section 200 does not provide for the appointment or election of a chief engineer and assistants, or any other officer of the fire department. Held, that the trus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

: teeś of a village having no board 'of fire commissioners, and not the council of the fire department, had power to select the chief engineer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 538, 539; Dec. Dig. § 196.*]

Application for mandamus by the People, on the relation of Benjamin F. Wallace, against Peter J. Carpenter, Jr. Application granted.

Charles D. Millard, of Tarrytown, for relator.

Lawrence R. Brooks, of Yonkers, for respondent.

TOMPKINS, J. The relator claims to have been regularly elected as chief engineer of the fire department of the village of Dobbs Ferry, and asks for a peremptory writ of mandamus directing Peter J. Carpenter, Jr., to deliver into the relator's possession all the property which came into the respondent's hands as chief engineer of the fire department of said village during his term of office, which began in April, 1911.

The question presented on this application is whether the power to appoint a chief engineer of the fire department of said village lies in the board of trustees or in the council of the fire department as it exists under section 206 of the Village Law. The relator was regularly appointed by the board of trustees, while the respondent was appointed or elected by the board of fire council. Which appointment was regular and legal? Section 205 of the Village Law provides that in villages where there is a board of fire commissioners such board shall appoint the chief engineer and assistant engineers. Subdivision 19 of section 89 of the Village Law provides that the board of trustees—

"has all the powers and is subject to all the liabilities and must perform all the duties, of a separate board of fire, water, light, sewer or cemetery commissioners, if the village has no such separate board; and in that case a provision applying to either of such boards applies to the board of trustees."

It is conceded that there is no board of fire commissioners in the village of Dobbs Ferry. From this provision it would seem that the power and duty of appointing or electing officers of the fire department rested with the board of trustees; but the respondent claims that section 206 of the Village Law vests the power of making such appointments in the "council of the fire department." That section provides:

"In a village in which separate fire commissioners are not appointed, the chief engineer, the assistant engineers and the wardens of the several companies constitute the council of the fire department. The council shall meet on the third Tuesday in April in each year and choose from its own number a secretary, a treasurer, and a collector of the fire department, who shall hold their respective offices for one year, unless sooner removed by the council. * * * Such council shall have all the powers and be subject to all the liabilities and perform all the duties of a separate board of fire commissioners, as prescribed in section 200 of this chapter."

The powers expressly conferred by this section upon the council of the fire department are: First, to choose from its own number a secretary, a treasurer, and a collector; second, to have such powers as are conferred upon a separate board of fire commissioners by section 200 of the Village Law. Section 200 of the Village Law does not put upon

the board of fire commissioners the duty of choosing the engineers of the department. There is no mention whatever in any of the nine subdivisions of section 200 of the appointment or election of the chief engineer and assistants, or of the appointment or election of any other officer of the department. That is reserved for section 205, which expressly provides for the election of a chief engineer by the board of fire commissioners. So that by giving the council of the fire department the same powers that are conferred upon boards of fire commissioners by section 200 of the Village Law the right to choose a chief engineer is not included.

In the second place, if it had been the intention of the Legislature to vest in the council of the fire department power to choose a chief engineer, it is fair to assume that it would have been so expressly stated in the part of the section which makes it a duty of the council to choose a secretary, treasurer, and collector. I can find nothing in section 206 defining the powers of the council of the fire department that confers upon it power to select a chief engineer, or that abrogates or repeals the provision of subdivision 19 of section 89 of the Village Law, which vests that power in the board of trustees. It seems very clear to me that the duty in this instance of selecting a chief engineer rested with the board of trustees, and not with the council of the fire department, and that the relator was duly chosen as such chief engineer.

Motion granted, with $25 costs.